OPINION
Appellant, Charles Stollings, Jr., appeals a judgment of the Court of Common Pleas of Paulding County, Juvenile Division, modifying his child support payments. For the reasons expressed in the following opinion, we affirm the judgment of the trial court.
Appellant and Appellee, Shirley Botticher, were involved in an intimate, non-marital relationship, which produced a child, Adrianna, whose date of birth is April 3, 1992. On October 5, 1992, Appellee filed a motion to determine parentage and allocation of parental rights and responsibilities with respect to the parties' minor child. The trial court found Appellant to be the natural father of Adrianna, and ordered Appellee to be the residential parent and legal custodian. Appellant was granted visitation rights, and was ordered to pay child support in the amount of $39.63 per week until Adrianna reaches the age of eighteen.
Appellee remained the residential parent and legal custodian of Adrianna until July 11, 1997, when the trial court found that a shared parenting plan that the parties had agreed upon was in the best interest of the child. Accordingly, the trial court ordered the parties to exercise shared parenting rights in accordance with the shared parenting plan. The shared parenting plan provided that Appellant's child support payments were to remain the same.
Thereafter, on February 19, 1999, the Paulding County Child Support Enforcement Agency ("CSEA") moved the court to modify the child support payments under the shared parenting plan. On April 15, 1999, both parties appeared without counsel at a modification proceeding to determine whether a substantial change occurred to support a modification of child support payments. After hearing testimony from both parties, the trial court concluded that a substantial change had occurred, and increased Appellant's child support payments to $385.26 per month.
Appellant now appeals the judgment of the trial court, assigning three errors for our review.
 Assignment of Error No. 1 The trial court erred as a matter of law in failing to calculate Appellant's child support obligation in accordance with O.R.C. Section (sic) 3113.21.5.
The Supreme Court of Ohio has held that a trial court's decision involving the determination of child support will not be reversed on appeal absent an abuse of discretion. Booth v. Booth
(1989), 44 Ohio St.3d 142, 144. Abuse of discretion by the trial court "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
In calculating child support payments, "[t]he terms of R.C.3113.215 are mandatory in nature and must be followed literally and technically in all material respects." Marker v. Grimm
(1992), 65 Ohio St.3d 139, at the syllabus. In determining whether to modify a child support order, a trial court must find that the movant has demonstrated a substantial change of circumstances. Shank v. Shank (1997), 122 Ohio App.3d 189, 192. A substantial change of circumstances "is evidenced when the new child support calculation under R.C. 3113.215(E) or (F) deviates from the existing order by ten percent." Id. at 192; R.C.3113.215(B)(4).
In accordance with R.C. 3113.215(B)(4), Appellee demonstrated a substantial change in circumstances by showing that the new child support calculation increased by at least ten percent. Appellant does not dispute this but, rather, argues that the trial court erred by not considering all the relevant evidence in arriving at the new child support amount.
First, Appellee argues that he is entitled to a credit for child support payments made to Deanna Jewell, a woman with whom Appellant has a child from a previous relationship. Appellant and Ms. Jewell have a mutual agreement whereby Appellant pays $60 per week in child support. This agreement, however, has never been approved by any court. Notwithstanding, Appellant argues that the trial court erred by not granting credit for these child support payments pursuant to R.C. 3113.215(B)(3)(o), which takes into account the responsibility of each parent for the support of others.
Contrary to Appellant's argument, however, R.C.3113.215(B)(5) states:
 When a court computes the amount of child support required to be paid under a child support order or a child support enforcement agency computes the amount of child support required to be paid pursuant to an administrative child support order issued pursuant to section 3111.20, 3111.211
[3111.21.1], or 3111.22 of the Revised Code, all of the following apply:
* * *
 (b) The amount of any pre-existing child support obligation of a parent under a child support order and the amount of any court-ordered spousal support paid to a former spouse shall be deducted from the gross income of that parent to the extent that payment under the child support order or that payment of the court-ordered spousal support is verified by supporting documentation.
The record indicates both that the child support allegedly paid by Appellant is not pursuant to a support order and that Appellant has not provided supporting documentation of the amount or frequency of these payments. With evidence of neither a support order nor documentation of payments, the trial court is not permitted to credit these payments against Appellant's gross income in determining the child support herein. Therefore, the trial court did not err in denying Appellant credit for these payments.
Next, Appellant argues that the trial court erred in failing to account for Appellee's use of a company car. Appellant claims that Appellee is deriving an economic benefit from the use of her company car and, therefore, its value should be included in her gross income on the child support worksheet. The definition of gross income, however, as provided in R.C. 3113.215(A)(2), does not include any description of in-kind payment such as the use of a company car. While R.C. 3113.215(A)(3) specifically includes the use of a company car in the definition of "self-generated income" in other contexts, this would still not apply to the case at hand.
Self generated income includes in-kind payments for company cars "received by a parent from self-employment, the operation of a business, or rents, * * * if the reimbursements are significant and reduce personal living expenses." R.C. 3113.215(A)(3). The record herein demonstrates that Appellee is employed as a manager with Archibold Wash and Fill. There is nothing in the record indicating either that she is self-employed or that her use of a company car is significant and reduces her personal living expenses. Therefore, the trial court did not err in excluding Appellee's use of a company car in calculating her gross income.
Finally, Appellant claims that the trial court erred in failing to grant him credit for childcare expenses incurred during the summer months that he has custody of the parties' child. Appellant, however, failed to introduce evidence regarding how much he pays per week in childcare. Furthermore, the record does reflect that after the evidence was complete, the court went into recess, at which time the attorney representing the CSEA ran a computer generated child support calculation worksheet.
After the court went back on record, the CSEA attorney reviewed the worksheet for the court, noting that there was a "net child care of eleven hundred fifty-four dollars." Since that amount is substantially less than the amount Appellee testified that she paid, it would appear from the evidence that the trial court did in fact grant some credit to Appellant for his childcare expenses. Therefore, based upon the state of the record herein, the Appellant has failed to demonstrate any error, and we cannot say that the trial court committed error in failing to grant a credit for childcare payments.
Accordingly, Appellant's first assignment of error is not well taken and is overruled.
 Assignment of Error No. 2 The trial court's refusal to take into consideration the parties' shared parenting arrangement and the factors set forth in O.R.C. Section (sic) 3113.21.5(B)(3) constitutes an abuse of discretion.
Appellant first argues that the trial court abused its discretion by failing to issue an automatic credit on the child support worksheet for the time the parties' child resided with him. In support of his argument, Appellant cites Weddell v.Weddell (June 29, 1994), Montgomery App. No. 14274, unreported. In Weddell, the Second District Court of Appeals applied R.C.3113.215(C), holding that there should be a mandatory offset of child support payments for each parent who has custody under a shared parenting agreement. Id.
The Supreme Court of Ohio, however, has subsequently stated that a parent paying child support under a shared parenting agreement is not entitled to an offset against child support payments for the time the child resides with that parent. Paulyv. Pauly (1997), 80 Ohio St.3d 386, 387. The Court held that R.C.3113.215(B)(6)(a), not R.C. 3113.215(C), is applied to compute child support payments under a shared parenting order. Id. at 388. R.C. 3113.215(B)(6)(a) states:
 If the court issues a shared parenting order in accordance with section 3109.04 of the Revised Code, the court shall order an amount of child support to be paid under the child support order that is calculated in accordance with the schedule and with the worksheet set forth in division (E) of this section * * *
Pursuant to R.C. 3113.215(B)(6)(a), trial courts are to calculate child support payments using the schedule and worksheet found in R.C. 3113.215(E). There is no right to an offset in child support obligations found in this section. Pauly,80 Ohio St.3d at 388. Conversely, R.C. 3113.215(C), as applied inWeddell, allows for an offset, but only applies to the worksheet described in R.C. 3113.215(F) where the parents have split parenting rights. Id. at 388.
Parents have split parenting rights when "there is more than one child who is the subject of an allocation of parental rights and responsibilities and each parent is the residential parent and legal custodian of at least one of those children." See R.C.3113.215(A)(8). Because the parties in this action have shared parenting rights and not split parenting rights, the child support is calculated using the schedule and worksheet in R.C.3113.215(E). Thus, the trial court did not abuse its discretion in refusing to grant an automatic credit on Appellant's child support worksheet.
Next, Appellant claims that the trial court abused its discretion by failing to consider the relevant factors listed in R.C. 3113.215(B)(3) and deviate from R.C. 3113.215(E) in determining Appellant's child support payments. Specifically, Appellant argues that the trial court should have considered extended times of visitation or extraordinary costs associated with visitation, the responsibility of each parent for the support of others, and any other relevant factors.
 A trial court, however, is bound to calculate child support payments in accordance with the sample worksheet in R.C. 3113.215(E). Rock v. Cabral (1993), 67 Ohio St.3d 108, 110. There is a rebuttable presumption that the amount of child support calculated on the worksheet is presumed to be correct. Id. at 110. "Court-ordered deviations from the schedule and worksheet are not permitted absent full and strict compliance with the requirements of R.C. 3113.215(B)(1)(a) and (b)." Id.
at 110.
R.C. 3113.215(B)(1)(a) and (b) provide for a deviation from the child support worksheet described in R.C. 3113.215(E) only if the trial court finds that the amount calculated under the worksheet would be unjust or inappropriate, and not in the best interest of the child. In this case, there is nothing in the record to indicate that the trial court's decision to adhere to the worksheet in R.C. 3113.215(E) would have such an effect. There is also nothing in the record to indicate that the trial court's decision was unreasonable, arbitrary, or unconscionable in any respect. Therefore, we cannot say that the trial court failed to consider the relevant factors in R.C. 3113.215(B)(3), nor did it abuse its discretion in calculating Appellant's child support pursuant to R.C. 3113.215(E).
 Accordingly, Appellant's second assignment of error is not well taken and is overruled.
 Assignment of Error No. 3
 The trial court erred as a matter of law in failing to advise the parties of their right to secure legal counsel, or give them the right to knowingly and voluntarily waive such right to representation.
Appellant argues that the trial court erred by failing to advise him that he was entitled to legal representation at the child support modification proceeding pursuant to Juv. R. 4 of the Ohio Rules of Juvenile Procedure. Juv. R. 4 states in part:
 (A) Assistance of counsel. Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent . * * * This rule shall not be construed to provide for a right to appointed counsel in cases in which that right is not otherwise provided for by constitution or statute. [Emphasis added.]
This rule clearly provides that an individual is entitled to legal representation only if that person is indigent.
In addition to Juv. R. 4, R.C. 2151.352 also provides for the legal representation of indigent persons. State ex rel. Asberryv. Payne (1998), 82 Ohio St.3d 44, 48. R.C. 2151.352 states:
 A child, his parents, custodian, or other person in loco parentis of such child is entitled to representation by legal counsel at all stages of the proceedings and if, as an indigent person, he is unable to employ counsel, to have counsel provided for him pursuant to Chapter 120 of the Ohio Revised Code.
Nothing in the record reflects that Appellant was indigent at the time of the proceeding. Appellant testified at the proceeding that he had been employed for over two years, working approximately thirty-seven hours per week at a rate of twelve dollars per hour. The record also indicates that Appellant had been represented by counsel both prior to, and after the child support modification proceeding, yet chose to appear pro se at the instant hearing.
The fact that Appellant was receiving a steady income from work, and the fact that he had obtained counsel on several occasions, demonstrates both that Appellant was not indigent at the time of the proceeding, and that he would have been aware of his right to secure legal counsel. Therefore, the trial court did not err in failing to advise Appellant of his right to secure legal counsel, or failing to provide Appellant with counsel pursuant to Juv. R. 4, or R.C. 2151.352.
Accordingly, Appellant's third assignment of error is not well taken and is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT, P.J., and SHAW, J., concur.