OPINION
Plaintiff-Appellant, Heath Feasel ("Appellant"), brings this appeal from a judgment of the Van Wert County Court of Common Pleas, Juvenile Division, denying his request for a change of residential placement, modifying Appellant's visitation rights, and modifying Appellant's child support obligation. For the reasons set forth in the following opinion, we affirm the trial court's judgment in part and reverse in part.
Appellant and Defendant-Appellee, Rachel Stetler ("Appellee"), were living together in Van Wert County, Ohio at the time of the birth of their son, Hayden. In December of 1996 or January of 1997, Appellee and the child, Hayden, returned to the residence of Appellee's parents. In April of 1997, Appellee and Appellant again resided together, this time in Decatur, Indiana. Appellee is a native of Decatur, although her parents moved near Willshire, Ohio after Appellee graduated from high school in Decatur.
In January of 1998, Appellee and Hayden again moved back with Appellee's parents near Willshire, purchasing a home sometime thereafter. Appellant remained in Decatur, which is located approximately eight miles from Willshire, and filed a paternity complaint in Adams County, Indiana. Thereafter, custody, visitation, and support occurred according to the Adams County order.
During the summer of 1999, Appellee and Appellant reconciled, resulting in Appellant's moving in with Appellee in her home in Willshire, Ohio. Appellee, Appellant, and Hayden resided together until approximately February 24, 2000, when Appellee asked Appellant to leave. On February 26, 2000, Appellant removed Hayden from Appellee's residence and refused to return him to Appellee. On February 28, 2000, a confrontation occurred at the residence of Appellant's sister, who was watching Hayden at the time, between Appellee and Appellant's sister that resulted in criminal charges being filed against Appellee in Van Wert County, Ohio. The conflict arose from Appellee's attempt to recover custody of Hayden.
Hayden remained with Appellant until May, 2000, when the Van Wert County Sheriff's office convinced Appellant to return Hayden to Appellee. Appellee thereafter vacated her home in Willshire and returned to Decatur, because she felt threatened by Appellant and his family. Appellee has allowed Appellant to continue to visit with Hayden pursuant to the Adams County court order. Due to tension between the parties, the exchanges have occurred at the Decatur police station.
On June 28, 2000, the Adams County Court transferred jurisdiction to the Van Wert Juvenile Court, since at the time of the hearing on transfer both Appellee and Appellant had Van Wert County addresses. On September 25, 2000, a hearing was held regarding Appellant's motion to modify Hayden's residential placement. In an October 3, 2000 judgment entry, the trial court denied Appellant's request for a change of residential placement, modified his child support obligation, and modified his visitation rights. This appeal followed.
Assignment of Error I
The trial court erred when it denied Appellant's motion for apsychological evaluation.
R.C. 3109.04(C) permits the court to order a parent to submit to a psychological examination to assist the court in making its custody determination. Since this issue is left to the discretion of the trial court, the court's decision is subject to reversal by an appellate court only upon a showing that the court abused its discretion. The term "abuse of discretion" has been defined as an unreasonable, arbitrary, or unconscionable ruling. See e.g., Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
Appellant argues that the sole purpose of his motion to modify residential placement was based upon his concern that the child was not safe in Appellee's care because she was not taking her medication and was in need of psychological intervention.
However, Appellant has failed to provide the court with any objective evidence of these allegations. The only evidence of Appellee's alleged emotional instability came from the clearly self-interested testimony of Appellant and his family members. The allegations did not raise any issues that were new as these factors were existent throughout the parties' relationship.
We find that Appellant has failed to demonstrate that the court abused its discretion in this instance.
Accordingly, Appellant's first assignment of error is overruled.
Assignment of Error II
The trial court's determination that no change of circumstances existed to justify a change of residential placement was against the manifest weight of the evidence.
The power of a court to modify an existing custody decree is provided in R.C. 3109.04(E)(1)(a), which states, in pertinent part:
The court shall not modify a prior decree allocating parental rights andresponsibilities for the care of children unless it finds, based on factsthat have arisen since the prior decree or that were unknown to the courtat the time of the prior decree, that a change has occurred in thecircumstances of the child, his residential parent, or either of theparents subject to a shared parenting decree, and that the modification isnecessary to serve the best interest of the child. * * *
We note at the outset that a decision to modify custody pursuant to this statute will not be disturbed on appeal absent an abuse of discretion. Davis v. Flickinger (1997), 77 Ohio St.3d 415, paragraph one of the syllabus. This standard of review is applied because it is imperative that trial courts are given wide latitude in these cases. Id. at paragraph two of the syllabus. An abuse of discretion has been defined as a decision that is arbitrary, unreasonable or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
A trial court essentially applies a three-part test to determine whether modification of child custody is appropriate under the circumstances: (1) whether there has there been a change in circumstances; (2) whether a modification is in the best interest of the child; and (3) whether the harm resulting from the change will be outweighed by the benefits. Thatcher v. Thatcher (Oct. 6, 1997), Mercer App. No. 10-97-08, unreported, citing In re Kennedy (1994),94 Ohio App.3d 414.
With respect to the first prong of the above-mentioned test, the Supreme Court of Ohio has stated that a change in circumstances does not need to be substantial, but that it "must be a change of substance, not a slight or inconsequential change":
 The clear intent of that statute is to spare children from a constant tug of war between their parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the children a `better' environment. The statute is an attempt to provide some stability to the custodial status of the children, even though the parent out of custody may be able to prove that he or she can provide a better environment. Davis, 77 Ohio St.3d at 418, quoting Wyss v. Wyss (1982), 3 Ohio App.3d 412, 416.
 Furthermore, because custody issues, by their very nature, are some of the most agonizing decisions that a trial judge must make and the proceedings are some of the most onerous battles that engulf families, the trial court must be afforded wide latitude in considering the evidence and determining whether any change in circumstance is of sufficient magnitude to continue the analysis. Miller v. Miller (1988), 37 Ohio St.3d 71, 74.
The evidence herein indicates that the parties are basically in the same circumstances as they were in 1998, with one parent living in Willshire, Ohio and one parent in Decatur, Indiana, the communities located eight miles apart. The trial court, in its entry of judgment, found that there was no "substantial change of circumstances which would effect [sic] the prior parenting decree," and we agree that there was not a change of circumstances sufficient in magnitude to require the trial court to consider the second and third prongs of the test provided in R.C. 3109.04(E)(1)(a).
Appellant's second assignment of error is overruled.
Assignment of Error III
The trial court erred in calculating Appellant's child supportobligation.
Assignment of Error IV
The trial court erred in reducing Appellant's visitation in the absence of a motion from Appellee to modify visitation.
The essence of both of the assignments of error is that the trial court, in concluding these proceedings, wherein it denied Appellant's motion to modify residential placement, went on to modify parental rights and responsibilities concerning child support and visitation, without a motion by either of the parties asking the court to consider these issues. Appellant further argues that neither party presented evidence specifically addressing these issues and that the evidence before the court was insufficient to reach the conclusions made by the court.
The proper practice to modify a support order is for a party to file a motion with the trial court. Notice is to be served in a manner provided for in Civ.R. 4 through 4.6. Civ.R. 75(J). A trial court is not to initiate a modification of a support order; however, a party by conduct can waive noncompliance with the Civ.R. 75(J) requirement of a motion and service. See Cooper v. Cooper (1983), 10 Ohio App.3d 143, 145.
In the present case, Appellant filed the initial motion to modify residential placement. While the motion does not specifically address modification of support or visitation, these issues are necessarily implicated by the very nature of the motion. Furthermore, the trial court journalized a pre-trial order on August 17, 2000, more than a month prior to the hearing, assigning "all issues of custody, support and visitation" for hearing on September 25, 2000. We find that this language put Appellant on notice that child support and visitation would be an issue in the motion before the trial court. Due process has therefore been satisfied and the trial court did not abuse its discretion in addressing these issues.
Appellant further argues that the evidence was insufficient for the court to have determined child support. Appellant suggests that the trial court, in its inquiry, did not question the Appellee on potential under-employment nor did it question the Appellant on health care coverage. Appellant also argues that the court failed to consider that Appellant's income fluctuates and that he would not always earn the $45,760 attributed to him by the trial court.
In determining whether to modify a child support order, a trial court must find that the movant has demonstrated a substantial change of circumstances. Shank v. Shank (1997), 122 Ohio App.3d 189, 192. A substantial change of circumstances "is evidenced when the new child support calculation under R.C. 3113.215(E) or (F) deviates from the existing order by ten percent." Id. at 192; R.C. 3113.215(B)(4). As in the previous assignments of error, the decision of the trial court will not be reversed unless we find that it was unreasonable, arbitrary, and unconscionable. Blakemore v. Blakemore, 5 Ohio St.3d at 219.
In the present case, Appellant, prior to October 1, 2000, had been ordered by the Adams County, Indiana court to pay $75.00 per week, or approximately $325.00 per month in child support. This calculation, performed by the Adams County court, was based on Appellant's weekly gross income of $320, or approximately $1,387 per month, and a combined weekly gross income with Appellee of $678 per week, or approximately $2,938 per month. In the trial court's current order, effective October 1, 2000, Appellant is ordered to pay $635 per month to Appellee in child support. This amount is based on Appellant's gross income of approximately $3,813 per month, and Appellee's gross income of approximately $954 per month.
In accordance with R.C. 3113.215(B)(4), Appellee demonstrated a substantial change in circumstances by showing that the newly calculated child support increased by at least ten percent. And, on direct examination, Appellant testified that he was earning $22 per hour and that he did not expect a seasonal layoff this year. This amount of income is consistent with the trial court's findings. Appellant has further failed to provide any evidence that the trial court did not utilize all available resources in concluding that a modification in child support was appropriate, or that the court's decision was in any way unreasonable, arbitrary or unconscionable. Upon a review of the entire record, we find competent, credible evidence that the trial court had in fact considered all relevant evidence in concluding that the modification was proper. As such, the trial court did not abuse its discretion in its calculation of Appellant's child support obligation.
With regards to the modification of visitation, Appellant argues that there is no evidence in the record to suggest that the trial court considered the R.C. 3109.051(D) factors in its determination to modify Appellant's visitation rights. We disagree.
R.C. 3109.051(D) states, in relevant part:
 In determining whether to grant companionship or visitation rights to a parent, grandparent, relative, or other person pursuant to this section or section 3109.11 or 3109.12 of the Revised Code, in establishing a specific visitation schedule, and in determining other visitation matters under this section or section 3109.11 or 3109.12 of the Revised Code, the court shall consider all of the following factors:
* * *
(4) The age of the child;
* * *
(7) The health and safety of the child;
* * *
(15) Any other factor in the best interest of the child.
As is the case in child custody and support matters, issues surrounding visitation are within the sound discretion of the trial court and will not be upset absent a showing of abuse of discretion. In re Whaley
(1993), 86 Ohio App.3d 304, 317. However, it should be noted that the court must exercise its discretion in a manner which best protects the interest of the child. Id.
In the present case, Appellant has failed to demonstrate that the trial court's decision to modify Appellant's visitation to biweekly, while following the standard rules regarding summer visitation and holidays, amounted to an abuse of discretion. Instead, the record demonstrates that the trial court had at least considered the above R.C. 3109.051(D) factors in determining that Hayden's transfers at a police station were tension filled and "not a good situation for the child." As such, it is clear that the trial court modified visitation in such a way that the best interest of Hayden has been protected. Accordingly, the trial court did not abuse its discretion in this regard.
Accordingly, Appellant's third and fourth assignments of error are not well taken and are therefore overruled.
Assignment of Error V
The trial court erred in calculating Appellant's child support arrearage.
Appellant contends, and Appellee concedes, that the trial court erred in using Appellant's income post October 1, 2000 in calculating his arrearage from April 1, 2000, to October 1, 2000. We find merit in this argument.
In Rini v. Rini (April 30, 1998), Cuyahoga App. No. 72414, unreported, the Eighth District Court of Appeals found that the trial court erred in using the plaintiff's 1994 income level to calculate her child support arrearages in 1992 and 1993:
 Although we find that plaintiff's arrearage would be retroactive to November 12, 1992, we find the magistrate erred in using the plaintiff's income for 1994 to calculate her child support arrearages in 1992 and 1993. Plaintiff did not work for the Attorney General's Office until March 1994 and her income was substantially lower prior to obtaining that job. * * * We therefore reverse the trial court's calculation of plaintiff's arrearage for the years 1992 and 1993 and remand for recalculation using her income from those years. Id. at **6.
 Pursuant to Rini, we agree with Appellant that his income level from April 1, 2000, to October 1, 2000, should be used in calculating his arrearage during that period. Accordingly, Appellant's fifth assignment of error is well taken and is therefore sustained.
In conclusion, concerning the first four assignments of error, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed. Concerning the fifth assignment of error, we reverse the trial court's calculation of Appellant's arrearage from April 1, 2000, to October 1, 2000, and remand for further proceedings consistent with this opinion.
 __________________ WALTERS, P.J.
BRYANT and HADLEY, J.J., concur.