JOURNAL ENTRY AND OPINION
Appellant Tanya R. Phillips n.k.a. Tanya Wells appeals from a judgment of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, which affirmed a magistrate's decision and order granting her former spouse Michael D. Phillips' motion to reduce his amount of child support. After a review of the record, we affirm the decision of the trial court.
Tanya and Michael were married on October 24, 1992, and two children were born of the marriage: Von Michael Phillips, born March 27, 1992 and Troy Andrew Phillips, born December 17, 1994. The marriage was dissolved on April 23, 1997 and Tanya was named the custodial parent. Michael was ordered to pay $96.50 per week for support, for a total of $386.00 per month. He was also ordered to maintain health insurance for the two children.
On August 19, 1999, Michael filed a motion to modify child support based upon a significant change of circumstances. Specifically, he alleged that he had been laid off from his job at Penske Logistics where he earned $35,000 annually, and had been forced to accept employment with Wolff Trucking, where he expected to earn only $16,640 annually.
At a hearing on the motions on February 14, 2000, Michael testified that he had not been laid off, but had voluntarily left his job at Penske to go to Wolff because he had been experiencing difficulties at the work place. He admitted that his girlfriend, Amy Wolff, owns Wolff Trucking. He further testified that he had made three attempts at securing similar employment at other trucking companies with similar pay but had been unsuccessful since he had a poor driving record. He anticipated his new income would be $16,640 annually and that he would receive no benefits through his employment at Wolff.
The magistrate filed her decision and order on March 3, 2000. She granted Michael's request for child support modification and recommended that the trial court order Michael to pay $241.00 per month to Tanya for child support, resulting in a reduction of $145.00 per month. In her decision, she made the following findings of fact and conclusions of law:
 The Magistrate finds that Defendant/Husband voluntarily terminated his employment from Penske Trucking. His explanation that he was under severe emotional distress during his previous employment was not substantiated. The testimony confirmed that despite his maintaining a commercial driver's license the company had given him a warning that he could be terminated for failure to conform with company policy.
 The Magistrate further finds that Defendant/Husband withdrew from school in the tenth grade. The motor vehicle report by Penske stated that his record does not meet the minimum hiring requirements. He has no other skills or training. Therefore, his position with Ms. Wolff appears to be suitable under the circumstances. Unfortunately, the child support guidelines are income driven and as a result of Defendant/Husband's action his children must now bear the consequences of reduced support.
* * *
 Pursuant to the child support statute and basic child support worksheet, the appropriate amount of child support in this matter should be $120.50 per month per child. This amount represents a change of circumstances necessitating a modification because the recalculated amount is 10% less than the amount of child support required to be paid under the existing order * * *.
 As to the issue of health insurance, pursuant to the prior order, Defendant/Husband has maintained health insurance for the parties's minor children.
THE MAGISTRATE'S DECISION IS TO ORDER:
 Defendant/Husband's Motion to Modify Child Support #40819 is hereby granted. The Defendant/Husband shall pay $241.00 per month per as child support for the parties's minor children * * *.
 The Court finds that neither party has health insurance for the children available to them at a reasonable cost either through a group health insurance or health care policy, contract or plan offered by an employer or through any other group health insurance or health care policy, contract or plan.
 IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant/Wife pay the reasonable and ordinary medical, dental, optical and prescription drug expenses for the minor children which are defined pursuant to Revised Code § 3113.215(A)(12) as the first $100.00 per child per calender year of the above expenses, after which Defendant/Husband and Defendant/Wife share liability for the cost of the medical and health care needs of the children in the amounts equal to the percentages indicated on Line 16 of the Child Support Computation Worksheet: 100% by Defendant/Husband.
Tanya filed objections to the magistrate's report on March 28, 2000. She objected to the magistrate's granting of a decrease in Michael's child support payments, arguing that he had experienced a decrease in income on a voluntariy basis and that income of at least $35,000 should have been imputed to him.
On June 21, 2000, the trial court overruled Tanya's objections to the magistrate's decision and order. Tanya now appeals the trial court's judgment entry, and asserts one assignment of error for our review.
 I. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN DETERMINING THAT APPELLEE DEMONSTRATED A SUBSTANTIAL CHANGE IN CIRCUMSTANCES THAT WARRANTED REDUCTION IN HIS CHILD SUPPORT OBLIGATION.
In her sole assignment of error, Tanya contends that the trial court improperly reduced Michael's child support obligation since he voluntarily terminated his employment. Michael maintains that his voluntary choice to change jobs does not necessarily demonstrate voluntary underemployment. The issue here is whether the trial court abused its discretion in determining that Michael was entitled to a reduction in his child support obligation.
We begin by stating that an appellate court will not reverse a child support modification absent an abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142. Abuse of discretion consists of more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable or arbitrary. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
The modification of child support is governed by R.C. 3113.215(B)(4). Pursuant to that section, the moving parent must demonstrate that a substantial change in circumstances has taken place such that a modification of support is appropriate. Shank v. Shank (1997),122 Ohio App.3d 189, 192. The moving parent must demonstrate that the previous order of child support is unreasonable. Carson v. Carson (1989),62 Ohio App.3d 670, 673. This occurs when the new child support amount, calculated by using the new income, deviates from the existing order by at least 10%. Id.
The income of the parent seeking to modify support is determined by R.C. 3113.215(A)(1), which defines income as follows:
 (a) For a parent who is employed to full capacity, the gross income of the parent;
 (b) For a parent who is unemployed or underemployed, the sum of the gross income of the parent, and any potential income of the parent.
R.C. 3113.215(A)(5) defines potential income as including:
 (a) Imputed income that the court determines the parent would have earned if fully employed as determined from the parent's employment potential and probable earnings based on the parent's recent work history, the parent's occupational qualifications, and the prevailing job opportunities and salary levels in the community in which the parent resides.
When making a determination whether a reduction in child support should occur as a result of a substantial change in circumstances, the trial court must first determine whether the parent is fully employed or voluntarily unemployed or underemployed. Badovick v. Badovick (1998),128 Ohio App.3d 18.
As a general rule, a voluntary reduction in pay is not considered a "substantial change in circumstances" so as to justify a modification of child support. Richardson v. Ballard (1996), 113 Ohio App.3d 552; Brockmeier v. Brockmeier (1993), 91 Ohio App.3d 689; Cole v. Cole (1990), 70 Ohio App.3d 188, 193. However, the trial court may consider a parent's voluntary underemployment as a change in circumstances sufficient to support a reduction in the child support obligation if it determines that the parent's choice to voluntarily become underemployed is reasonable and made in good faith with no intent to frustrate the child support order. Woloch v. Foster (1994), 98 Ohio App.3d 806, 810. The trial court's primary consideration must still be the welfare of the child. Id.
Here, the trial court made a finding that Michael "voluntarily terminated his employment"; it did not find that Michael was voluntarily underemployed. Indeed, the trial court expressly found that Michael could not have obtained employment comparable to his job at Penske since he had a poor driving record, failed to meet the minimum requirements for hiring at many of the other trucking companies in the Cleveland area, and had no other skills or training since he had failed to complete high school. The trial court also expressly found that Michael's position with Wolff "appeared to be suitable under the circumstances."
The trial court must weigh the facts and circumstances of each particular case in determining whether a parent is voluntarily underemployed. Rock v. Cabral, supra. A trial court's determination on a parent's voluntary underemployment should not be disturbed on appeal absent an abuse of discretion. Id; Blakemore v. Blakemore, supra. Here, the decision of the trial court that Michael was not voluntarily underemployed was supported by evidence in the record and, although unquestionably harsh to his children, was not unreasonable, unconscionable or arbitrary.
Once the trial court determined that Michael was not voluntarily underemployed, it properly computed his gross income at what he is earning at his new place of employment, which is $16,640. Since this amount deviates from the existing order by at least 10%, the trial court did not abuse its discretion in making the determination that Michael had demonstrated a substantial change in circumstances. See Carson v. Carson, supra. Moreover, since the trial court did not make a finding that Michael was voluntarily underemployed, it did not abuse its discretion when it failed to impute income to him pursuant to R.C.3113.215(A)(1)(b).
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J., and TIMOTHY E. McMONAGLE, J., CONCUR.