[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant Yolanda Robinson appeals the trial court's judgment overruling her objections to a magistrate's decision that ordered her to pay child support. For the following reasons, we affirm the trial court's judgment.
In her first and second assignments of error, which we address together, Robinson asserts that the trial court erred in ordering her to pay child support for her two children, James and Juana, in the amount of $121.61 per child and to pay an arrearage of $5000. In support of these assignments, Robinson first argues that although she does desire to pay support when she has an increased income, James McGlothin, the father of James and Juana, is currently financially able to care for the children and does not need Robinson's money to adequately support them. Regardless of whether McGlothin has the financial ability to support the children on his own, Ohio law equally charges both parents with the duty of support and care of their children.[1] Thus, it was proper for the trial court to order Robinson to pay some support for her children's care.
Next, Robinson argues that the trial court erroneously completed the child support worksheet by imputing her income as $10,000 annually. Robinson testified that she was currently attending college and that her only source of income was $1500 per semester from financial aid.
The amount of income to be imputed to a voluntarily unemployed parent is a determination within the trial court's discretion and will not be overturned absent an abuse of that discretion.[2] R.C. 3119.02(C)(11)(a) sets forth the factors for a trial court to consider in determining the amount of income to impute to a voluntarily unemployed parent. Some of those factors include the parent's prior employment history, educational level and physical disabilities.
A review of the record reveals that although the trial court noted that Robinson had a high-school diploma and no physical disabilities, it chose to utilize a below-minimum-wage amount to compute Robinson's income because it recognized that she was attending college and caring for her ill mother. The approximately $10,000 per year imputed to Robinson was arrived at by multiplying $5.50 per hour by 40 hours per week. Although it is clear that Robinson is not trying to avoid her duty to support her children, but admirably attempting to further her education, we cannot say that the trial court abused its discretion in imputing the $10,000 annual income to Robinson when it took into consideration not only the required statutory factors, but also her school attendance. Additionally, once the court imputed this income to Robinson and took into account the remaining statutory factors, it ordered her to pay $121.61 per child per month, an amount equal to only 27% of the support necessary to adequately care for the children.
Finally, with respect to the arrearage, Robinson testified that she had paid some child support to McGlothin over the prior year. Unfortunately, there is no record of these payments. Under these circumstances, it was proper for the trial court to order an arrearage charge. It was also proper for the court to calculate the arrearage from April 1, 2000, because that is when the children began to live with McGlothin. Accordingly, the first and second assignments of error are overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Hildebrandt and Winkler, JJ.
[1] See R.C. 2111.08; See, generally, Hacker v. Hacker (1981),5 Ohio App.3d 46, 448 N.E.2d 831.
[2] Shank v. Shank (1997), 122 Ohio App.3d 189, 192, 701 N.E.2d 439,441, citing Rock v. Cabral (1993), 67 Ohio St.3d 108, 112,616 N.E.2d 218.