HILL, APPELLANT, *v.* HILL, APPELLEE.
[Cite as Hill v. Hill (1973), 40 Ohio App. 2d 1.]

(No. C-73316—Decided November 26, 1973.)

*Messrs. Nieman, Aug, Elder & Jacobs* and *Mr. Louis F. Lausche,* for appellant.

*Messrs. Albanese, Hoehne & Coffaro* and *Mr. David J. Albanese,* for appellee.

STRAUSBAUGH, J. This is an appeal by plaintiff from an order of the Court of Common Pleas, Division of Domestic Relations, Hamilton County, Ohio, overruling plaintiff's motion for the reconsideration of an order of the court wherein the court ordered the plaintiff to pay, as support

for the minor children of the parties, the sum of $15 per week, per child.

The record indicates that the plaintiff was granted a divorce from defendant on June 29, 1972, and attached to the decree of divorce was a separation agreement settling the rights of the parties "with respect to custody of said children, support of said children, and division of property, which separation agreement, upon examination, the court finds to be fair and equitable." Subsequently, effective October 24, 1972, the separation agreement was modified by the agreement of both parties, granting defendant the custody of the minor children of the parties. An agreed entry granting a change in the custody of the minor reads, in part, as follows:

"At the mutual request and by mutual consent of the plaintiff and defendant, the care, custody and control of Sally A. Hill, the minor child of the parties, is hereby confided to the defendant, Kyle A. Hill, until further order of this court, for the following reasons:

"1. The said minor has been residing with the defendant by mutual agreement of the parties since May, 1972, said defendant having been the sole support of said minor child since that time.

"2. Due to a change in circumstances, the plaintiff is unable to provide for the care, custody and support of said minor child, and it would be to the best interests of the child to award her care, custody and control to the defendant.

"3. Defendant was previously awarded care ,custody and control of the other minor child of the parties, and has properly provided for said child since the date of the decree.

"4. Defendant is not in arrears as to any payment for the support of Sally A. Hill as previously ordered by this court.

"Wherefore, it is ordered that effective immediately the said defendant, Kyle A. Hill, is awarded custody of Sally A. Hill, and that the support payment of twenty-five dollars ($25.00) per week which the defendant was pre-

viously ordered to pay to plaintiff for the support of Sally A. Hill shall be terminated effective immediately.

"It is further ordered that plaintiff shall have the right to reasonable visitation with Sally A. Hill, and to the extent hereinabove provided, the decree heretofore entered in this case is hereby modified."

Subsquently, the defendant, on February 27, 1973, filed a "Motion to modify decree as to support of minor children" so as to provide a reasonable amount of weekly payments for such support from plaintiff for the reason that "the defendant's financial condition justifies the need of additional support for the minor children, and further, the plaintiff is employed and earning a substantial amount of money and is financially able to make weekly payments for the support of the minor children."

On March 16, 1973, a referee conducted a hearing wherein certain stipulations were entered into between the parties, as follows: that if the plaintiff were to testify "she would testify she is not married, makes approximately $9,-600.00 a year, gross, of that, take-home is approximately $7,500.00 a year, that the custody of both of the minor children is with the father." That if the defendant were to testify he would testify as follows: [H]e takes home approximately $780.00 a month, and support for the children is $520.00 a month. He has other expenses on top of that for his own living expenses, but that is not part of the actual expenses of the children it is $520.00 a month."

The referee granted defendant's motion and ordered "that the plaintiff shall pay to the defendant as support for two minor children the sum of $15.00 per week per child commencing on the nineteenth day of March 1973 plus one percent poundage to the Bureau of Support." Subsequently, on plaintiff's motion for reconsideration, the trial court affirmed the referee's decision ordering the plaintiff to pay support. It is from this order that plaintiff appeals.

Plaintiff's single assignment of error is: "The Court of Common Pleas, Division of Domestic Relations, erred in granting the motion of defendant-appellee to modify the

4

decree as to support of minor children, which motion was granted by a referee of said court and affirmed upon reconsideration of the court itself.''

The two Ohio statutes pertinent to this case are R. C. 3103.03 and 3109.05. R. C. 3103.03 reads as follows:

''The husband must support himself, his wife and his minor children out of his property or by his labor. If he is unable to do so, the wife must assist him so far as she is able. If he neglects to support his wife any other person in good faith may supply her with the necessaries for her support and recover the reasonable value thereof from the husband unless she abandons him without cause.''

R. C. 3109.05 provides, in part:

''The court may order either or both parents to support or help support their children and may make any just and reasonable order or decree permitting the parent who is deprived of the care, custody and control of the children to visit them at such time and under such conditions as the court may direct.''

Plaintiff contends that there seems to be two different statutes in regard to child support in Ohio and that it must be presumed that each has meaning even though the statutes seem to be in conflict. We would agree with this statement although for different reasons than that advanced by plaintiff. The two cases cited by plaintiff, *Kintner* v. *Kintner* (1946), 78 Ohio App. 324, and *Klump* v. *Klump* (1954), 96 Ohio App. 93, both have reference to R. C. 3103.03 and its predecessor sections. That section makes specific reference to ''husband and wife'' whereas R. C. 3109.05 makes no reference to ''husband and wife'' but rather to ''parents.''

In other words, R. C. 3103.03 refers to a husband and wife living together and the duty of the husband to support his wife and his minor children. On the other hand it is clear that R. C. 3109.05 does not refer to a husband and wife living together but, rather, to parents who are separated or divorced. R. C. 3109.03 provides:

''When husband and wife are living separate and apart from each other, or are divorced, and the question as to the care, custody, and control of their offspring is

brought before a court of competent jurisdiction, they shall stand upon an equality as to the care, custody and control of such offspring, so far as parenthood is involved.''

Two sections later, in R. C. 3109.05, the court refers to ''either or both parents'' which we find refers to husband and wife living separate and apart and which grants the court the authority to ''* * * order either or both parents to support or help support their children * * *'' without distinction as to whether the parent be a husband or a wife.

In further support of this finding it must be pointed out that the plaintiff and the defendant herein are no longer husband and wife, having been divorced, but are still parents. Therefore, as between the plaintiff and defendant herein, R. C. 3103.03 no longer applies but R. C. 3109.05 is still applicable. Plaintiff's assignment of error is not well taken and we find no abuse of discretion on the part of the trial court. The assignment of error is overruled and the judgment is affirmed.

*Judgment affirmed.*

REILLY and WENDT, JJ., concur.

STRAUSBAUGH and REILLY, JJ., of the Tenth Appellate District, and WENDT, J., of the Court of Common Pleas, sitting by designation in the First Appellate District.

WENDT, J., retired, assigned to active duty under authority of Section 6(C), Article IV, Constitution.