HACKER, APPELLEE, *v.*
HACKER, APPELLANT.

(No. 29-CA-81—Decided November 10, 1981.)

*Mr. Charles J. Blum,* for appellee.
*Messrs. Dagger, Johnston, Ogilvie & Charles* and *Mr. William C. Dagger,* for appellant.

McKEE, J. This is an appeal from the economic aspects of a divorce action. There is no issue as to the granting of the divorce.

The action was tried to a referee who made findings of fact and conclusions of law. Timely objections were made by defendant-appellant, Charles J. Hacker, in which the current issues were raised, to wit: (1) the valuation of the residence

home awarded appellant, and (2) the determination that plaintiff-appellee, Nancy L. Hacker, was not ordered to pay support for the benefit of the minor children. The court entered a final order consistent with the referee's report.

The facts establish that the parties were married in 1964 and had two minor children who were six and fifteen at the time of the divorce. Appellee moved out of the marital residence in June 1980 leaving the minor children in appellant's care and for him to support. Appellee made no effort to obtain custody of the children during the pendency of the divorce case and resisted a motion seeking support payments during such period. She did testify at the final hearing in March 1981 that she desired custody.

In the final decree of divorce of May 18, 1981, the court awarded appellant the custody of the minor children and the residence home, and awarded appellee a rental property in Columbus, Ohio, with no order that she make any payment toward the support of the children.

In a timely appeal the appellant has assigned the following errors:

"1. The division of real estate between the parties is contrary to law, against the manifest weight of the evidence, and an abuse of discretion.

"2. The failure of the court to require the appellee-wife to pay child support in any amount is contrary to law, and against the manifest weight of the evidence.

"3. The failure of the court to require the appellee-wife to pay child support to the custodial father-appellant when she is fully employed is a denial of equal protection of the law."

With regard to the first assignment, the appellant acknowledges that his whole claim revolves around the question of the valuation of the residence home. The findings of fact placed the value at $85,000. If this finding is supported in the record, the division is within the guidelines of *Cherry* v. *Cherry* (1981), 66 Ohio St. 2d 348 [20 O.O.3d 318].

Credibility of the witnesses and of the evidence are solely for the trier of fact as he observes the demeanor and manner of testimony of the witnesses; there is testimony supporting his valuation of the residence home in that appellant himself placed the residence value at $85,000.

The first assignment of error is overruled.

The next two assignments of error raise the same issue of the duty of a mother as to child support and will be considered together. In approaching this issue, this court does so with a conviction that public policy requires that the needs of the children to adequate care, nurture, welfare, education and support are the overriding considerations, and that the parents, who through their own free will brought the children into our culture, are primarily responsible to meet such needs.

This responsibility is well-summarized in the first paragraph of the syllabus of *State, ex rel. Wright,* v. *Indus. Comm.* (1943), 141 Ohio St. 187 [25 O.O. 277], which provides:

"By both the statutory and common law of Ohio, parents are charged with the obligation of supporting their minor children."

The statutes provide a civil mandate in R.C. 2111.08, which states in pertinent part:

"The husband and wife are the joint natural guardians of their minor children and are equally charged with their care, nurture, welfare, and education * * *."

The duty is of such magnitude that a criminal sanction is provided in R.C. 2919.21, which directs in pertinent part:

"(A) No person shall abandon, or fail to provide adequate support to:

"* * *

"(2) His or her legitimate or illegitimate child under eighteen, or mentally or physically handicapped child under twenty-one; * * *"

In construing the criminal sanctions,

the court in *State* v. *Ducey* (1970), 25 Ohio App. 2d 50 [54 O.O.2d 80], approved the principle that:

" 'The natural duty of parents to provide their children with suitable shelter, food, and clothing until they are able to support themselves is enjoined by both the statutes and the common law of Ohio, and public policy requires that parents fulfill this duty.' " *Id.,* at 52.

The court further stated:

"* * * the obligation to support one's own children is one owed to the public generally." *Id.,* at 54.

The domestic statutes with regard to the obligation are considered in *Hill* v. *Hill* (1973), 40 Ohio App. 2d 1 [69 O.O.2d 1], which holds that:

"Where a husband and wife are divorced, the duty to support a minor child is governed by R.C. 3109.05 (child support; visitation rights) and not R.C. 3103.03 (duty of husband to support family), so that a wife may be required to assume the support of her child which is in the custody of another."

The principle, often cited in Ohio, that the father is the primary source of support and the mother the secondary source, may be subject to serious question today in view of the equal protection issues which are raised in many fields. It is not necessary for us to reconsider this tenet and determine if both share equal primary responsibility in view of the evidence in this case.

It should be noted that serious doubt has been cast upon the primary/secondary theory. In *Johnson* v. *Varney* (1965), 2 Ohio St. 2d 161 [31 O.O.2d 316], the Supreme Court of Ohio reversed an appellate decision which had found no failure on the part of a mother to support her children based on the fact that the father was the primary source of support and he had been doing adequately. The court said in the first paragraph of the syllabus:

"A mother who does not have custody of her child has a duty to give some personal care and attention to that child even though the child is being properly supported and maintained by his father."

While the court referred to personal care and attention, we feel that financial support is equally applicable. The resistance to support on the part of appellee was based on expending her income for her own personal needs rather than in consideration of the needs of the minor children. This is truly putting the cart in front of the horse and ignoring public policy.

The final order awarded appellee a rental property which after expenses produces in excess of $100 per month extra income for her. The record before the court indicated that appellant-husband was in a deficit position in providing support for the minor children. An order of $50 per month per child was clearly warranted under the evidence and required as a matter of law recognizing the duty of support of a mother. The second assignment of error is sustained and the third is moot as a result of our ruling.

The judgment appealed from is ordered modified in that appellee is ordered to pay child support during the minority of the children of the parties in the amount of $50 per month per child with the same to be paid to the office of the Clerk of the Court of Common Pleas of Fairfield County, plus poundage, and remanded to such court for continuing jurisdiction for future consideration of support needs if warranted by a future change of circumstances.

As modified, the judgment appealed from is affirmed.

*Judgment affirmed as modified.*

HENDERSON, P.J., and PUTMAN, J., concur.