MEYER, APPELLANT, *v.* MEYER, APPELLEE.

[Cite as Meyer *v.* Meyer (1985), 17 Ohio St. 3d 222.]

(No. 84-964—Decided June 5, 1985.)

*Holbrock, Jonson, Bressler & Houser, H. J. Bressler* and *Timothy R. Evans,* for appellant.

*John F. Holcomb* and *Vickie G. Moreland,* for appellee.

LOCHER, J. The issue presented in this appeal is whether the custodial mother is entitled to child support reimbursement from her ex-spouse (the father) where no support order was made or requested at the time she received custody of the parties' minor children. This court finds that there is no such entitlement, and therefore we affirm the judgment of the lower court.

R.C. 3109.05 sets forth the power of the trial court to make child support orders when a marriage terminates. In pertinent part, the statute reads:

"(A) In a divorce, dissolution of marriage, alimony, or child support proceeding, the court may order either or both parents to support or help support their children, without regard to marital misconduct. * * *"

In the case at bar, no such order was made at the time the two boys were transferred to the custody of appellant. Further, appellant made no request for child support at that time.

Domestic relations law is so susceptible to confusion and ambiguity that it is incumbent upon us to formulate specific guidelines whenever possible. See, *e.g., Zimmie* v. *Zimmie* (1984), 11 Ohio St. 3d 94; *Gross* v. *Gross* (1984), 11 Ohio St. 3d 99. An opportunity to do so again is present in this case. It is the feeling of this court that to order reimbursement for past support expenses would be manifestly unfair to the non-custodial parent.

It is true that we have in the past ruled that child support orders are subject to modification. See, *e.g., Colizoli* v. *Colizoli* (1984), 15 Ohio St. 3d 333; *Peters* v. *Peters* (1968), 14 Ohio St. 2d 268 [43 O.O.2d 441]. However, these rulings apply to the support orders in *prospective* fashion only, and

solely to *existing* support orders. In such cases, the supporting spouse has ample notice on which to prepare his or her finances. This would not be true in the case of a *retroactive* order that *establishes* a support obligation.

Appellant cites *Pretzinger* v. *Pretzinger* (1887), 45 Ohio St. 452, as support for her claim. Paragraph one of the syllabus in *Pretzinger* states:

"The obligation of the father to provide reasonably for the support of his minor child, until the latter is in a condition to provide for his own support, is not impaired by a decree which divorces the wife *a vinculo,* on account of the husband's misconduct, gives to her the custody, care and nurture of the child, and allows her a sum of money as alimony, but with no provision for child support."

This syllabus was subsequently approved and followed in *McDaniel* v. *Rucker* (1948), 150 Ohio St. 261 [44 O.O. 262], paragraph one of the syllabus.

Appellee and the court of appeals herein attempt to distinguish *Pretzinger* and *McDaniel* on the notion that these cases were based on the misconduct of the husband. There is some merit to this argument. *Pretzinger* and its progeny did not answer the question: Is the father liable for past support if misconduct is *not* a factor in the case? However, we find herein that there is no liability *regardless* of the misconduct of the husband, and thus any contrary language in *Pretzinger* and *McDaniel* is overruled.

The relevant statutes affirm our decision herein. The duty of divorced parents to support the minor children of their marriage is governed by the above-mentioned R.C. 3109.05. There is no basis for the argument that R.C. 3103.03[1] governs, and that it fixes the primary support duty upon the father. R.C. 3103.03 refers to the "husband," not to the father. R.C. 3109.05 supersedes R.C. 3103.03 with the occurrence of a divorce or dissolution. See, *e.g., Hacker* v. *Hacker* (1981), 5 Ohio App. 3d 46; *Hill* v. *Hill* (1973), 40 Ohio App. 2d 1 [69 O.O.2d 1].

The parties stand on equal footing upon termination of the marriage,[2] but the trial court may alter this equal status by issuing a support order pursuant to R.C. 3109.05. When issuing a child support order, the court is not to consider marital misconduct as a factor. R.C. 3109.05; 3109.03.[3] In the absence of a support order, the *custodial* parent will be required to support the child.

---

[1] R.C. 3103.03 reads in pertinent part:

"The husband must support himself, his wife, and his minor children out of his property or by his labor. If he is unable to do so, the wife must assist him so far as she is able. * * *"

[2] See R.C. 3109.03 which reads:

"When husband and wife are living separate and apart from each other, or are divorced, and the question as to the care, custody, and control of their offspring is brought before a court of competent jurisdiction, *they shall stand upon an equality as to the care,* custody, and control of such offspring, so far as parenthood is involved." (Emphasis added.)

[3] *Id.*

Today's decision does not prevent an action to receive or modify *future* child support payments. R.C. 3109.05; *Colizoli, supra.* It is the belief of this court, however, that the importance of finality outweighs any inequities caused by the failure of the custodial spouse to act at the time custody is granted. Although this apparently is not the majority view,[4] we find our view to be more in line with the modern treatment of divorced parties as equals until court intervention. Therefore, we find that the custodial parent is not entitled to reimbursement for child support from the non-custodial parent where no support order is made or requested at the time custody is awarded.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, HOLMES, C. BROWN and WRIGHT, JJ., concur.

DOUGLAS, J., dissents.

---

[4] See Annotation (1979), 91 A.L.R. 3d 530.