### Shapiro v. Shapiro
*[Cite as 8 AOA 38]*

*Case No. 89 CA 66*
*Miami County, (2nd)*
*Decided November 16, 1990*

*Thomas L. Whiteside, 333 West First Street, Suite 236, Dayton, Ohio 45402, Attorney for Plaintiff-Appellant.*

*Roger E. Luring, 314 W. Main Street, Troy, Ohio 45373, Attorney for Defendant-Appellee.*

WOLFF, P.J.

Frank Shapiro appeals from a November 6, 1989, order of the Court of Common Pleas of Miami,County, which increased his child support obligation from $45.00 per week to $130.00 per week for so long as his child, Wendy, attended a recognized and accredited high school on a full-time basis, notwithstanding that she had attained the age of majority. (On June 1, 1990, the trial court terminated child support effective June 5, 1990, because Wendy had graduated from high school.)

Frank Shapiro was divorced from the child's mother, Jane Shapiro, now Jane Snider, by decree entered April 19, 1976. The decree established child support in the amount of $45.00 per week. Pursuant to the parties' separation agreement, which was incorporated into the decree of

divorce, the child support figure of $45.00 per week was based on Frank Shapiro's then income of $26,000 per year. The child support provision stated that the obligation "shall continue until said child shall have become 18, married or otherwise sooner emancipated."

For more than thirteen years, Frank Shapiro's child support obligation continued at $45.00 per week. On June 20, 1989, Frank Shapiro moved to terminate his child support obligation based upon the decretal language quoted above. On June 30, 1989, Jane Snider moved to increase child support citing Frank Shapiro's increase in income and her lack of income. Jane Snider supported her claim of no income by affidavit filed with her motion for increase in child support. This affidavit also stated that Wendy resided with her in the state of Florida. Jane Snider also opposed the motion to terminate child support with her affidavit which stated in part that she was the "custodial parent" of Wendy, that Wendy had not completed high school, that Wendy was anticipated to graduate in June, 1990, that Wendy was "not emancipated", and that she needed child support for Wendy.

The trial court, by its referee, conducted an evidentiary hearing June 11, 1989, wherein the sole witness was Frank Shapiro. Frank Shapiro expressed his doubts as to whether his daughter was attending high school. Frank Shapiro's testimony also established that his current income was approximately $52,000 per year.

At the close of the evidentiary hearing, counsel for Jane Snider moved to supplement the record in order to establish that Wendy was a full-time student in a recognized and accredited high school. The referee sustained the motion to supplement stating in pertinent part as follows:

"Luring's (Jane Snider's counsel) motion for leave to supplement the record by reason I assume rather than affidavits which really would be hearsay I assume that what he is talking about are certified copies of her school records those being, would probably be admissible under the exception to the hearsay rule in that regard merely for the sole purpose of establishing that she is still full time accredited in a recognized high school...

"***

"I want to make sure that I got all the information I have in front of me when I make that decision so I'll, Mr. Luring, I'll give you thirty days to supplement the record by providing some certified copies, if in fact they do exist, establish-ing what you want concerning her attendance currently, attendance at school. I'm sure the Florida school system has already started and if you could supplement that and of course copy one of those Mr. Whiteside so he˜ would have an opportunity to respond if he wished I'll allow that and in addition then I won't do anything until that comes in then I'll allow counsel if you wish once you receive that to, I'll give you another week after that comes in to respond in writing if you want to give me anything in addition to the ultimate issue or additional issues as you've raised Mr. Whiteside concerning accreditation and those kind of matters."

On September 25, 1989, Jane Snider filed three affidavits to the effect that Wendy was a full-time student in an accredited high school situated in the state of Florida. On June 27, 1989, the report and recommendation of the referee was filed. It recommended that child support be continued pursuant to R.C. 3103.03,based on Wendy's being a full-time student in an accredited high school. It further recommended an increase of child support to $130.00, citing the fact that there had been a change of circumstances and that the increase was appropriate pursuant to R.C. 3109.05.

On October 12, 1989, Frank Shapiro interposed objections to the report and recommendation, pointing particularly to the hearsay nature of the affidavits filed September 25, 1989, and to the failure of the referee to permit him to respond to the affidavits as the referee had indicated September 11, from the bench, that he would be entitled, to do.

On November 6, 1990, the trial court adopted the report and recommendation as its own, prompting this appeal wherein Frank Shapiro asserts four assignments of error.

First assignment of error:

"THE TRIAL COURT ERRED AS A MATTER OF LAW AND FACT IN MODIFYING THE CHILD SUPPORT OBLIGATION OF PLAINTIFF IN THE ABSENCE OF ANY EVIDENCE OR CHANGE IN CIRCUMSTANCES OF SUFFICIENT MAGNITUDE TO REQUIRE RECONSIDERATION OF CHILD SUPPORT."

Frank Shapiro does not question the fact that the variance between what he had been paying for child support, and what he would be required to pay in child support pursuant to the child support guidelines, was sufficient to trigger reconsideration of his child support obligation. Citing this court's opinion in *Wogoman v.*

*Wogoman* (1989), 44 Ohio App. 3d 34, he does contend that there was no evidence sufficient to enable the trial court, by its referee, to consider the factors delineated in R.C. 3109.05.

We disagree. Jane Snider's affidavits, which were before the court without objection on the motions for termination of child support and for increase in child support, established that she had no income, that Wendy had not completed high school, that Wendy resided with her, and that she needed child support for Wendy. Frank Shapiro's testimony established that his income was twice that which it was in 1976, when child support was established at $45.00 per week, and the separation agreement of the parties provided that the $45.00 per week figure was pegged to his then $26,000 per year income.

In our judgment, sufficient evidence was before the referee on the R.C. 3109.05 factors to allow the referee to redetermine Frank Shapiro's child support obligation.

The first assignment of error is overruled.

Second assignment of error:

"THE TRIAL COURT LACKED JURIS-DICTION WITH THE SUBJECT MATTER TO INCREASE OR CONTINUE THE CHILD SUP-PORT OBLIGATION OF PLAINTIFF AFTER THE PARTIES' CHILD ATTAINED THE AGE OF 18."

This assignment of error raises two contentions:

"first, that the trial court erred in applying Ohio law in a situation involving an 18 year old child living in the state of Florida, and second, that the trial court erred in applying R.C. 3103.03 to a situation involving the child of divorced parents."

We find no error in the trial court's application of Ohio law. The parties were divorced by an Ohio court and the father continues to reside within Miami County, Ohio, the site of the court rendering the decree of divorce.

R.C. 3103.03 provides in part as follows:

"The husband must support himself, his wife, and his minor children out of his property or by his labor.***.

"Notwithstanding section 3109.01 of the Revised Code, the parental duty of support to children shall continue so long as the child continuously attends on a full time basis any recognized and accredited high school, even when such child has attained the age of majority.***."

It is the second of the two above quoted paragraphs which is germane to this case. By its terms, this paragraph is applicable to the situa-tion involved here, and we find no error in the court's applying this provision to extend the period within which Frank Shapiro was obligated to, pay child support on behalf of his daughter, Wendy. In *Borgert v. Borgert* (Mont. App. 9647), Aug. 8, 1986, unreported, we addressed a situation wherein the father was required to support his child beyond the date that she reached her eighteenth birthday; March 25, 1985, until such time as she graduated from high school in June, 1985. The 1976 divorce decree in *Borgert*, as it provided for child support, stated that the father would be obligated to pay child support "until the minor child reaches the age of 18 or is sooner emancipated." We held in that case that the action of the trial court extending to the date of graduation the period of time within which the child support obligation would continue was appropriate under R.C. 3103.03, second paragraph, as above quoted, saying: "In consideration of this provision, the trial court did not err in bringing its prior order within the requirements of law..." *Id.* at 6.

We realize that our conclusion here, and our holding in *Borgert*, are contrary to the holding reached by the Court of Appeals for Summit County in *Berrish v. Berrish* (April 19, 1989), number C.A. 13924, unreported. In *Berrish v. Berrish*, the court concluded, on similar facts, that 3103.03 did not apply, citing *Meyer v. Meyer* (1985), 17 Ohio St. 3d 222. The court of appeals stated as follows:

"In *Meyer v. Meyer* (1985), 17 Ohio St. 3d 222, 224, the Ohio Supreme Court stated that:

"*** There is no basis for the argument that R.C. 3103.03 governs, and that it fixes the primary support duty upon the father. R.C. 3103.03 refers to the 'husband,' not to the father. R.C. 3109.05 supersedes R.C. 3103.03 with the occurrence of a divorce or dissolution. See, *e.g.. Hacker v. Hacker* (1981), 5 Ohio App. 3d 46; *Hill v. Hill* (1973), 40 Ohio App. 2d 1 [69 O.O. 2d 1]

"***."

We do not agree with the Court of Appeals for Summit County that *Meyer v. Meyer* dictated a conclusion that 3103.03 did not apply to the situation presented to it, which, like here, involved an attempt by the father to terminate his child support obligation upon his son's reaching the age of 18, notwithstanding the fact that the son was still in high school. The specific portion of R.C. 3103.03 referred to by the Supreme Court in *Meyer v. Meyer* was the first paragraph of the statute quoted above. *Meyer* did not involve a situation such as is presented here, but a situa-

tion wherein a custodial parent sought reimbursement for child support from the non-custodial parent in the absence of a support order requiring support of the non-custodial parent.

We agree with Frank Shapiro that his obligation to pay child support under the parties' decree of divorce came to an end upon the child's reaching the age of 18. This does not mean, however, that a continuing duty of support cannot be imposed by R.C. 3103.03. As stated by the court of appeals for Hancock County in *Brigner v. Brigner* (September 26, 1984), #5-83-38, unreported, at page 5: "We do not say that parental duty to support the child terminated, only that the duty created by the order in this case terminated."

Accordingly, the second assignment of error will be overruled.

Third assignment of error:

"THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING DEFENDANT STANDING TO ENFORCE THE STATUTORY DUTY SET FORTH IN R.C. SECTION 3103.03."

The gist of this assignment of error is that, assuming the proper application of R.C. 3103.03 to this situation, Jane Snider, the child's mother, had no standing to enforce an obligation of support imposed by R.C. 3103.03 because Wendy was an adult child, although still in high school.

Support for this argument is found at *Brigner, supra. Brigner* indeed stands for the proposition that the parent of an adult child has no standing to assert a claim for support under R.C. 3103.03. *Brigner* can be properly distinguished from this case on its particular facts. In *Brigner,* the adult child of the parties was not living with his mother, who sought child support pursuant to 3103.03. In this case, the evidence established that Wendy did- in fact, reside with her mother, who stated that she was in need of child support for Wendy. Under these circumstances, we see no prejudice to Frank Shapiro in the court's ordering continued child support upon the motion brought by the child's mother, rather than by the child individually. See also *Borgert, supra,* at 6.

The third assignment is overruled.

Fourth assignment of error:

"THE TRIAL COURT REFEREE ERRED AS A MATTER OF LAW, TO PLAINTIFF'S PREJUDICE, IN ADMITTING DEFENDANT'S AFFIDAVITS SUBMITTED AFTER THE CONCLUSION OF THE HEARING.

"A. THE TRIAL COURT REFEREE'S ADMISSION OF DEFENDANT'S AFFIDAVIT WITHOUT PERMITTING PLAINTIFF TO RESPOND IN ANY FASHION DENIED PLAINTIFF DUE PROCESS OF LAW BY DENYING PLAINTIFF AN OPPORTUNITY TO BE HEARD.

"B. THE TRIAL REFEREE ERRED AS A MATTER OF LAW IN ADMITTING AND RELYING UPON DEFENDANT'S POST-HEARING AFFIDAVITS IN DETERMINING THE MERITS OF THESE MOTIONS."

The referee clearly stated that Frank Shapiro would have a period of one week within which to respond to any post hearing evidence presented on behalf of Jane Snider. It is clear that the referee entered his report and recommendation within 48 hours of the filing of the three affidavits on behalf of Mrs. Snider and contrary to his assurance to counsel for Frank Shapiro that he would have one week within which to respond. In that these post hearing affidavits pertained to the critical issue in this case, whether Wendy was attending a recognized and accredited high school, we cannot but conclude that the failure to accord Frank Shapiro an opportunity to respond was prejudicial to him.

We also agree with Frank Shapiro that the affidavits submitted post hearing on behalf of Jane Snider were inadmissible hearsay. In view of the fact that they were submitted in connection with the critical issue in the case, i.e. whether Wendy was attending a recognized and accredited high school, we cannot say the admission, and obvious consideration of these affidavits by the trial court, were not prejudicial. Frank Shapiro's objections brought both of these errors to the attention of the trial court in time for it to take remedial action before approving the report and recommendation of the referee.

The fourth assignment of error will be sustained.

The judgment appealed from will be reversed and this matter will be remanded for further proceedings consistent with this opinion.

FAIN, J., and GRADY, J., concur.