Upon review of the unique facts presented in this case, and upon review of the division of assets and award of child support, I would resolve the case differently from the manner outlined by the majority and, therefore, I dissent from that decision.
 I. DIVISION OF PROPERTY
In my view, R.C. 3105.171 (B) requires a domestic relations court to order division of marital property equitably between the parties.
Here, as enunciated by the majority, Lenza McElrath received 15% of the marital assets, based on facts known to the court in 1991. This property division followed the decree which had been entered in 1991, but the facts reveal that the court vacated that judgment in 1997. Therefore, the court should have applied R.C.3105.171 (B) when it engaged in the division of property in 1997. It did not do so.
 II. AWARD OF CHILD SUPPORT
While the majority opinion cites Meyer v. Meyer (1985), 17 Ohio St.3d 222, for the proposition that there can be no retroactive modification of child support, here, the court affirms the judgment of the trial court which awarded a minimum $50 per month per child commencing April 1991, the date of the first divorce, which had been vacated. Since Meyer precludes an award for a time prior to the divorce, I respectfully dissent from this portion of the majority opinion.