{¶ 21} To the extent the majority relies on Meyer v. Meyer
(1985), 17 Ohio St.3d 222, to support its finding that the trial court was without jurisdiction to determine appellant-mother's motion to establish child support, I respectfully disagree.
 {¶ 22} Meyer is distinguishable from the instant case. The residential parent in Meyer sought child support reimbursement from the non-residential parent despite the former's failure to request child support at the time of instituting proceedings for divorce. While not barring an action to receive or modify future child support, the Meyer
court found that the residential parent was not entitled to reimbursement from the non-residential parent where no support order was entered or requested at the time residential parent status was determined. The court reasoned that a non-residential, supporting parent was entitled to ample notice to arrange his or her finances in order to accommodate such an obligation. Although the Meyer court conceded that this was not the majority view, it was its belief that "the importance of finality outweigh[ed] any inequities caused by the failure of the custodial spouse to act at the time custody is granted." Id. at 225.
 {¶ 23} That is not the case here. Appellant-mother requested child support in her complaint for divorce. When appellee-father failed to appear, the court did not issue an order for child support but instead ordered the father to contact the Bureau of Support, as it was then known, to report his employment status and earnings. Apparently this never happened and the case languished for twelve years until appellant eventually contacted CSEA who, in turn, filed motions to intervene, show cause and establish support in April 1999. Appellant did not have independent legal counsel and, in fact, expressly declined such counsel and acknowledged that CSEA was represented by an assistant prosecuting attorney. A child support order was eventually obtained, albeit from the time of the filing of the original motions by CSEA. There was no independent request for past child support until the motion for such relief was filed in August 2001 by subsequently retained counsel.
 {¶ 24} In my opinion, Meyer would not bar appellant's request for past child support had she requested such relief at the time she sought CSEA intervention. To allow a parent who fails to appear or otherwise respond to a complaint for divorce to escape any child support obligation when such relief is requested is absurd. Equally absurd, however, is a parent who allows an order of a domestic relations court to go unheeded to the detriment of a young child, especially when that parent seeks the intervention of CSEA for the purpose of securing a child support order. Under the facts of this case, I find that appellant waived any rights she had to past child support. As such, I reluctantly agree with the majority's ultimate conclusion to affirm the decision of the trial court and, therefore, concur in judgment only.