OPINION
{¶ 1} Appellant/Petitioner Crystal Collene ("Crystal") appeals from the March 26, 2008 Judgment Entry of the Court of Common Pleas, Probate Division, Crawford County, Ohio denying her petition for adoption.
 {¶ 2} The minor child at issue in the petition for adoption is Jeremiah Joseph Collene ("Jeremiah") (D.O.B. 4/19/00). Jeremiah's biological parents are Melissa Collene ("Melissa") and Aaron Collene ("Aaron"). On January 23, 2006 the Crawford County Domestic Relations court issued a Judgment Entry and Final Decree of Divorce granting Aaron's petition for divorce from Melissa.[1]
 {¶ 3} On December 8, 2006 Aaron filed a motion and supporting affidavit requesting that the domestic relations court suspend Melissa's parenting time. In support of his motion Aaron alleged that Jeremiah had indicated that he did not want to go to Melissa's home because he "fears for his own safety" as Melissa has "choked him with both hands and lifted him off the floor with her hands still around his neck" and that Melissa's behavior "has been going on for some time." On December 14, 2006 the domestic relations court issued an Ex Parte Order suspending Melissa's parenting time with Jeremiah.
 {¶ 4} However, on February 16, 2007 the domestic relations magistrate issued a Magistrate's Order wherein the magistrate ordered that Melissa was to *Page 3 
have parenting time with Jeremiah "twice weekly for a period of two (2) hours on each occasion with said parenting time to be supervised by Plaintiff's current wife, Crystal Collene, and exercised at Plaintiff's residence or another location acceptable to Defendant and Crystal Collene . . ." On July 10, 2007 the domestic relations magistrate issued a Magistrate's Order ordering that Melissa's parenting time visits were to be supervised by Pastor Larry Oxendine instead of Crystal.
 {¶ 5} On December 11, 2007 Crystal filed a petition for adoption of Jeremiah pursuant to Ohio Revised Code section 3107.05. In her petition Crystal stated that Jeremiah was in the permanent custody of his father, Aaron, and that she was Jeremiah's stepmother. The petition also stated that Aaron had filed his consent to Crystal's adoption of Jeremiah. Additionally, the petition stated that Melissa's consent to the adoption was not required because Melissa "has failed without justifiable cause to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition . . ."
 {¶ 6} On February 28, 2008 Melissa filed a motion to dismiss Crystal's adoption petition wherein Melissa alleged that her consent to the adoption was required by R.C. 3107.06 and 3107.07 and had not been obtained. Additionally, Melissa stated that she had not failed to communicate with Jeremiah and had not failed to provide maintenance and support as required by law or judicial decree as *Page 4 
no child support had been ordered by any court. On March 3, 2008 Crystal filed a brief in opposition to Melissa's motion to dismiss.
 {¶ 7} On March 5, 2008 the probate court conducted a hearing on Crystal's petition for adoption. Before the start of the proceedings, the parties agreed to bifurcate the determinations of whether parental consent was required and whether the adoption was in the best interest of the child, and stipulated that all procedural and substantive jurisdiction issues had been satisfied. At the conclusion of the proceedings, the parties requested the opportunity to file written summations of the evidence and briefs of the arguments of law which were subsequently submitted to the court on March 21, 2008.
 {¶ 8} On March 26, 2008 the probate court issued a Judgment Entry wherein the court determined that Crystal had failed to sustain her burden of proof and that her adoption of Jeremiah could not proceed without Melissa's consent. Accordingly, the probate court denied Crystal's petition for adoption.
 {¶ 9} Crystal now appeals, asserting two assignments of error.
 ASSIGNMENT OF ERROR NO. 1 A JUDICIAL DECREE OF CHILD SUPPORT IS NOT REQUIRED IN ORDER FOR THIS COURT TO FIND THAT MOTHER HAS FAILED TO SUPPORT AS REQUIRED IN ORC 3107.07.
 ASSIGNMENT OF ERROR NO. 2 APPELLEE FAILED TO SUPPORT THE CHILD WITHOUT A JUSTIFIABLE REASON AS REQUIRED UNDER 3107.07. *Page 5 
 {¶ 10} In her first assignment of error, Crystal alleges that a judicial decree ordering Melissa to pay child support is not necessary for the court to determine that Melissa failed to support her child as required by R.C. 3107.07. In her second assignment of error, Crystal alleges that the evidence presented to the probate court clearly established that Melissa failed to support Jeremiah as required by R.C. 3107.07. As Crystal's assignments of error are substantially related, we shall address them together.
 {¶ 11} R.C. 3107.07 sets forth specific situations where consent to an adoption is not required and provides, in relevant part, as follows:
 (A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.
 {¶ 12} The consent provisions of R.C. 3107.07(A) are to be strictly construed to protect the interests of the non-consenting parent. SeeIn re Adoption of Sunderhaus (1992), 63 Ohio St.3d 127, 132,585 N.E.2d 418 citing In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 366,481 N.E.2d 613. Accordingly, a party filing a petition for adoption who relies upon R.C. 3107.07(A) bears the burden of establishing by clear and convincing evidence that the exception to the consent requirement contained therein has been satisfied. Id. *Page 6 
citing In re Adoption of Bovett (1987), 33 Ohio St.3d 102,515 N.E.2d, 919; In re Adoption of Masa 9186), 23 Ohio St.3d 163, 492 N.E.2d 140;In re Adoption of Gibson (1986), 23 Ohio St.3d 170, 492 N.E.2d 146.
 {¶ 13} On appeal, Crystal specifically claims that Melissa failed to support Jeremiah and showed no justifiable cause for her failure to pay any actual monetary support. However, we note that "when a couple separates and the courts are asked to determine custody of a child, the parents' obligation to support a child is ruled by the domestic relations child support statute." In the Matter of the Adoption ofBailey Marie Thiel (Feb. 23, 1999), 3rd Dist. No. 6-98-12, unreported citing Meyer v. Meyer (1985), 17 Ohio St.3d 222,478 N.E.2d 806. Where a domestic relations court has reviewed the facts and determined that no support is due from one of the parents, that is an applicable judicial order for the purposes of R.C. 3107.07 until it is modified. Id. citing In re Adoption of Tiffany Ann Jarvis (Dec. 11, 1996), Summit App. No. A-93-10-06, unreported.
 {¶ 14} In the present case, on January 23, 2006 the Crawford County Domestic Relations court issued a Judgment Entry granting Aaron and Melissa a divorce. This Judgment Entry also provided, in relevant part, as follows:
 That the Court hereby adopts the Magistrate's Decision and Judgment Entry filed on October 28, 2005 in which the following decision was made:
 1. That the Plaintiff be granted a divorce from Defendant on the grounds of incompatibility. *Page 7 
 2. That the parties' agreement through the Joint Stipulations filed herein on July 27, 2005, regarding the allocation of parental rights and responsibilities, child support, payment of medical expenses, award of the tax exemption is found to be in the best interest of the parties' minor child . . . and is adopted as an order of the Court.
 3. That the parties' agreement through the Joint Stipulations filed herein on July 27, 2005 are as follows: * * *
 c. That the care, custody, control, and residential parenting of the parties' minor child be confided with the Father. That Mother is granted parenting time pursuant to Local Rule 25 . . .
 d. That the parties agree to a deviation in child support. That Mother will not owe a duty of support to the Father. However Mother agrees to deposit $50.00 per month into an educational IRA account in the name of the child. Father shall set up the educational IRA account and provide Mother will all the necessary information to deposit said monies 90 days from June 1, 2005.
 e. That the Plaintiff continues to maintain health insurance for the parties' minor child with all uncovered medical and related expenses to be paid by the parties in accordance with Local Rules 26 and 27. (Emphasis added).
 {¶ 15} Our review of the record reveals that during the March 5, 2008 hearing Aaron testified that he understood there was no actual order of support for Melissa. Specifically, Aaron testified that he understood that Melissa was not required to pay child support for Jeremiah's benefit because it "would have been offsetting with spousal support and the Magistrate opined that spousal support wouldn't be appropriate." Aaron testified that he set up an IRA to be used for *Page 8 
Jeremiah's educational expenses. Aaron also testified that although Melissa was supposed to contribute $50 per month into the IRA, she never made any deposits.
 {¶ 16} Melissa testified that the January 23, 2006 Judgment Entry/Decree of Divorce did not require her to pay any monetary support. She testified that although she was aware of the IRA, she was never given any information by Aaron or Crystal nor had she communicated with them on anything having to do with the parameters of the educational fund. Melissa also testified that she never made any of the $50 contributions. Specifically regarding uninsured medical expenses, Melissa testified that neither Aaron nor Crystal ever contacted her or presented her with a bill asking for reimbursement for any of Jeremiah's uninsured medical expenses. Upon examination by the court, Melissa testified that had she been presented with a bill for her percentage of Jeremiah's uninsured medical expenses she would have paid it.
 {¶ 17} Regarding the visitation sessions between Melissa and Jeremiah, Melissa testified that she regularly provided food and snacks for Jeremiah during the visits. Additionally, Melissa testified that she would often bring toys, gifts, and clothes for Jeremiah, but stated that he was not permitted to take these items home after the visits. In contrast, both Crystal and Aaron testified that although Melissa would occasionally bring food to her visits with Jeremiah, it appeared that she brought the food for herself, but because the visits typically occurred during *Page 9 
dinner time, she would share the food with Jeremiah just to be polite.
Additionally, Crystal and Aaron testified that the toys and gifts Melissa brought to the visits were simply to be used by Jeremiah during the visit and that Melissa would take them home with her at the conclusion of each visit.
 {¶ 18} In its March 26, 2008 Judgment Entry, the probate court determined that the relevant one year period of time at issue in the present case was December 11, 2006 through December 11, 2007. The probate court also addressed several of the joint stipulations regarding monetary contributions and uninsured medical expenses as contained in Aaron and Melissa's Judgment Entry/Final Decree of Divorce. Specifically, the probate court found as follows:
 On the matter of a monetary contribution for support, the facts are not in dispute; the biological mother paid no support to either the custodial/biological father directly or through a child support enforcement agency even though she had resources from which to pay support, see Respondent's Exhibits B and C.
 On the matter of uninsured medical expanses (sic), the facts again are not in dispute; the biological mother was never provided any documentation or requested by biological father to contribute to the uninsured medical expenses incurred for the child and as a result nothing was paid.
 On the matter of depositing to the educational IRA a controversy was developed as to the perception or interpretation as to whether this would have been considered a "college fund" or a "present educational costs fund" however this court finds this is to be a difference without a distinction as the biological mother made no deposits to such fund whatever its present or future purpose. *Page 10 
(See March 26, 2008 Judgment Entry, p. 2).
 {¶ 19} Our review of the record reveals that the January 23, 2006 Judgment Entry/Final Decree of Divorce was never modified by the court. Additionally, we note that the record is silent as to any efforts by Aaron and/or Crystal to collect financial or any other support from Melissa. Therefore, the January 23, 2006 Judgment Entry is an applicable order for the purposes of R.C. 3107.07. See In the Matter of theAdoption of Bailey Marie Thiel, supra, citing In re Adoption of TiffanyAnn Jarvis.
 {¶ 20} We note that the January 23, 2006 Judgment Entry specifically provides that no child support is due from Melissa. Accordingly, although the testimony presented at the March 5, 2008 hearing demonstrated that Melissa did not provide any monetary support, she did not violate any court's order by doing so. As a result, we agree with the probate court's finding that "to elevate that educational IRA contribution requirement to the equivalent of a support obligation goes against the clear, plain language the parties used in their stipulation." Additionally, we agree with the probate court's finding that "this failure to pay upon this obligation has no recognition for the purposes of O.R.C. Sec. 3107.07(A) as it pertains to requiring her [Melissa's] consent to an adoption." Therefore, since Melissa fulfilled her obligations under the judicial decree of divorce, we find that *Page 11 
the probate court did not err by finding her consent necessary for Crystal's adoption of Jeremiah.
 {¶ 21} Based on the foregoing, Crystal's two assignments of error are overruled. The March 26, 2008 Judgment Entry of the Crawford County Court of Common Pleas, Probate Division, is affirmed.
Judgment Affirmed.
 WILLAMOWSKI and ROGERS, J.J., concur.
[1] Aaron and Crystal were married on January 28, 2006. *Page 1